**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE STINSON and OCTAVIA WILLIAMS, individually and on behalf of all others similarly situated,** | ) ) ) ) ) | |
| | ) | **Case No.:** |
| *Plaintiffs,* | ) ) | |
| **v.** | ) ) | |
| **LCS COMMUNITY EMPLOYMENT, LLC, LCS MOKENA LLC d/b/a CLARENDALE OF MOKENA, LLC and ALGONQUIN OPERATIONS, LLC d/b/a CLARENDALE OF ALGONQUIN,** | ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## NOTICE OF REMOVAL

LCS Community Employment LLC ("LCE"), by its attorneys Jody Kahn Mason, Jason A. Selvey, and Jonathan B. Cifonelli of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, LCE states as follows:

### Procedural History and Plaintiff's Allegations

1.       On June 9, 2020, Plaintiffs Dominique Stinson and Octavia Williams ("Plaintiffs") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendants in the Circuit Court of Cook County, Illinois, County Department, Chancery Division alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* The lawsuit is captioned *Dominique Stinson and Octavia Williams v. LCS Community*

*Employment LLC, LCS Mokena LLC d/b/a Clarendale of Mokena, and Algonquin Operations,*

*LLC d/b/a Clarendale of Algonquin*, and numbered 2020 CH 04505 (the "State Court Action"). A

copy of Plaintiffs' Complaint ("Compl.") is attached hereto in Exhibit A.

2. Plaintiffs are former employees of LCE who worked at either the Clarendale of

Mokena, which Plaintiffs allege is operated by LCS Mokena LLC ("LCS Mokena"), or the

Clarendale of Algonquin, which Plaintiffs allege is operated by Defendant Algonquin Operations,

LLC ("Algonquin Operations"). (Ex. A, Compl., ¶¶ 1-5.) The Complaint alleges that Defendants

required Plaintiffs to "use a biometric time clock system to record their time worked," and that

"Defendants required Plaintiffs and other employees to scan their hands in Defendants' biometric

time clock each time they started and finished working each shift." (*Id.* ¶¶ 6-7.) Plaintiffs allege

that "Defendants collected, stored, used, and transferred the unique biometric hand geometry scan

identifiers, or information derived from those identifiers, of Plaintiffs and others similarly situated

without following the detailed requirements of the Biometric Information Privacy Act." (*Id.* ¶ 14.)

3. In so doing, Plaintiffs allege that Defendants collected, captured, stored and/or

otherwise obtained Plaintiffs' "hand geometry scans or personal identifying information derived

from Plaintiffs' hand geometry scans" (*id.* ¶ 32) without (i) informing them in writing that

Defendants were doing so; (2) informing them in writing of the purpose and the length of term for

which their biometric identifiers or biometric information were being collected, stored and used;

(3) receiving written releases executed by Plaintiff and the putative class members; and (4) creating

and following a written, publicly available policy establishing a retention schedule and destruction

guidelines for their alleged possession of biometric identifiers and information, purportedly in

violation of 740 ILCS 14/15(a) and (b). (Ex. A, Compl. ¶¶ 50-52, 58.) Plaintiffs also claim that

Defendants violated another section of the BIPA, 740 ILCS 14/15(d), by allegedly disclosing and

disseminating Plaintiffs' and the putative class members' hand geometry scans and personal identifying information without obtaining their consent. (*Id*. ¶ 65.)

4.    For themselves and each member of the putative class, Plaintiffs seek: (1) "liquidated or actual monetary damages, whichever is higher, to Plaintiffs and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2)"; (2) injunctive relief, and (3) reasonable attorneys' fees and costs. (Ex. A, Compl., prayers for relief for Counts I-III).

5.    Under 740 ILCS 14/20(1)-(2), Plaintiffs may recover "(1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or] (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater . . . ."

6.    Plaintiffs seek to represent a class defined as: "a class of Defendants' workers who scanned their hands in Defendants' biometric time clock system in Illinois between June 9, 2015 and the present without first executing a written release." (Ex. A, Compl. ¶ 34.) Defendants deny that five years is the appropriate statute of limitations for claims asserted under the BIPA. However, Defendants accept Plaintiffs' assertion for purposes of this Notice of Removal.

### Timeliness of Removal

7.    Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then

been filed in court and is not required to be served on the defendant, whichever period is shorter." As explained below, the grounds for removal here are apparent on the face of the Complaint.

8. On July 6, 2020, each Defendant was served with the Complaint and Summons. None of the Defendants has filed an answer or any other pleading responsive to the Complaint, nor has any of the Defendants appeared or made any arguments before the State Court.

9. LCE files this Notice of Removal on August 5, 2020, 30 days after being served with the Complaint. As such, this Notice of Removal is timely.

10. Defendants LCS Mokena and Algonquin Operations consent to LCE's removal of the State Court Action to this Court.[1]

## Basis for Removal

11. Removal is proper here under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). These prerequisites are satisfied here.

12. First, this matter is a covered "class action." Pursuant to CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiffs purport to bring this lawsuit on behalf of a class of individuals and seek to represent them and their interests in this action as provided for under the Federal Rules of Civil Procedure and the Illinois Code of

---

[1] The undersigned counsel also represent LCS Mokena and Algonquin Operations in this action.

Civil Procedure provisions for class actions, 735 ILCS 5/2-801, *et seq*. (Ex. A, Compl., ¶¶ 38-45, Prayers for Relief.)

13.     Second, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiffs' Complaint on June 9, 2020 through the present, more than 500 current and former LCE employees have used the alleged hand-scanning biometric timekeeping systems at the Clarendale of Mokena and Clarendale of Algonquin communities under conditions Plaintiffs allege violate the BIPA.[2] (Declaration of Monica Friedman, attached hereto as Exhibit B, ¶ 6.)

14.     Third, the minimal diversity requirement is met. As Plaintiffs have asserted, they are citizens of the State of Illinois. (Ex. A, Compl., ¶¶ 18-19.)

15.     LCE is a limited liability company organized under the laws of the State of Iowa and its principal place of business in the State of Iowa. (Ex. B, Declaration of Monica Friedman, ¶ 5; *see also* Ex. A, Compl., ¶ 20.)

16.     As such, at least one class member is a citizen of a different state than at least one of the Defendants, and this case meets the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A) (minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17.     Fourth, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiffs bring claims on behalf of themselves and "a class of Defendants' workers who scanned their hands in Defendants' biometric time clock system in Illinois between June 9, 2015 and the present without first executing a written release." (*Id*. ¶34.)  As defined, the

---

[2]     Defendants deny that they violated the BIPA, deny that a class could be properly certified and deny that Plaintiffs or the putative class are entitled to any relief whatsoever.

putative class would include more than 500 individuals.[3] (Ex. B, Declaration of Monica Friedman, ¶ 6).

18.     On behalf of themselves and the putative class, Plaintiffs seek to recover statutory liquidated damages of $5,000 for each reckless or willful violation of the BIPA and $1,000 for each negligent violation. (Ex. A, Compl., Prayer for Relief for Counts I-III, 740 ILCS 14/20(1)-(2).) Plaintiffs do not state what they contend constitutes "each violation" of the BIPA. However, they bring this action on behalf of a putative class of individuals who (a) are or were employed by LCE, and (b) work at or worked at a community allegedly operated by one of the other two Defendants, and they further contend that each of them violated the BIPA. As such, it is apparent in Plaintiffs' Complaint that they seek a $5,000 recovery on behalf of each putative class member from LCE and another $5,000 recovery from at least one of LCS Mokena and Algonquin Operations. Under these circumstances, the amount in controversy would necessarily exceed $5,000,000 and exceed the threshold required to support removal under CAFA.[4]

## Venue and Procedural Steps

19.     The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

---

[3]     Defendants once more nevertheless deny that they violated the BIPA, deny that a class could be properly certified and deny that Plaintiffs and the putative class are entitled to any of the relief they seek.
[4]     To be clear, Defendants deny that Plaintiffs and the putative class are entitled to $5,000 or $1,000 in statutory damages from any of the Defendants and further deny that Plaintiffs or the putative class could obtain multiple recoveries for the same purported BIPA violation in any event. LCE accepts Plaintiffs' apparent position solely for purposes of this Notice of Removal.

20.     As required by 28 U.S.C. §1446(a), the Complaint, Summons and any other "process, pleadings, and orders" served to date on Defendants, are attached as group Exhibit A.

21.     As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiffs' counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

22.     By filing this Notice of Removal, LCE does not waive any defenses to the claims Plaintiffs assert on behalf of themselves and the putative class, including that Plaintiffs have not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

WHEREFORE, Defendant LCS Community Employment LLC hereby removes case number 2020 CH 04505 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: August 5, 2020                          Respectfully submitted,

                                               LCS COMMUNITY EMPLOYMENT LLC

                                               By:    s/ Jason A. Selvey
                                                      One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jason A. Selvey, an attorney, certify that on August 5, 2020, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiffs by email at the following addresses:

Douglas M. Werman
Zachary C. Flowerree
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
zflowerree@flsalaw.com


David Fish
Kimberly Hilton
John Kunze
Mara Baltabols
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com
mara@fishlawfirm.com


s/ Jason A. Selvey

# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

FILED
6/9/2020 2:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
9434091

FILED DATE: 6/9/2020 2:17 PM    2020CH04505

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DOMINIQUE STINSON and OCTAVIA WILLIAMS, on behalf of themselves and all other persons similarly situated, known and unknown | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2020CH04505 |
| v. | ) ) ) | Judge |
| LCS COMMUNITY EMPLOYMENT LLC, LCS Mokena LLC d/b/a CLARENDALE OF MOKENA, and ALGONQUIN OPERATIONS, LLC D/B/A CLARENDALE OF ALGONQUIN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Dominique Stinson ("Stinson") and Octavia Williams ("Williams") (collectively "Plaintiffs"), file this Class Action Complaint ("Complaint") against LCS Community Employment LLC ("LCS"), LCS Mokena LLC d/b/a Clarendale of Mokena ("LCS Mokena"), and Algonquin Operations, LLC d/b/a Clarendale of Algonquin (collectively "Defendants") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.     LCS Mokena operates Clarendale of Mokena, a senior living community with assisted living and memory care services in Mokena, Illinois.

2.     Algonquin Operations operates Clarendale of Algonquin, a senior living community with assisted living and memory care services in Algonquin, Illinois.

3.     LCS is an entity that employs workers at Clarendale of Mokena, Clarendale of Algonquin, and other Clarendale senior living communities in Illinois.

1

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

4.      Stinson was employed by LCS at the Clarendale of Mokena facility as a Certified Nursing Assistant ("CNA") from approximately September 2015 to April 2016.

5.      Williams was employed by LCS at the Clarendale of Algonquin facility as a CNA from approximately in May to November 2017.

6.      Throughout their employment, Defendants required them and other employees to use a biometric time clock system to record their time worked.

7.      Defendants required Plaintiffs and other employees to scan their hands in Defendants' biometric time clock each time they started and finished working each shift.

8.      Unlike an employee identification number or employee identification card, hand geometry is a *unique* and *permanent* identifier.

9.      By requiring employees to scan their hands to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

10.     Thus, there's no question that Defendants achieved a labor management benefit from using a biometric time clock.

11.     But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

12.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like hand scans, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

13.     As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

14.     Defendants collected, stored, used, and transferred the unique biometric hand geometry scan identifiers, or information derived from those identifiers, of Plaintiffs and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

15.     As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly-situated employees.

## JURISDICTION AND VENUE

16.     This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

17.     Cook County is an appropriate venue for this litigation because LCS does business there.

## THE PARTIES

18.     Stinson is an individual who is a citizen of Illinois.

19.     Williams is an individual who is a citizen of Illinois.

20.     LCS is an Iowa limited liability company with a principal office in Des Moines, Iowa.

21.     LCS Mokena is a Delaware limited liability company with a principal office in Des Moines, Iowa.

22.     Algonquin Operations is a Delaware limited liability company with a principal office in Des Moines, Iowa.

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

23.     According to the Illinois Secretary of State listings for Defendants, all Defendants share the same principal office address.

### REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

24.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

25.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

26.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

27.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

28.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

29.     When Plaintiffs scanned their hands in Defendants' biometric time clock, Defendants captured and stored Plaintiffs' hand geometry scans, or personal identifying information derived from Plaintiffs' hand geometry scans.

30.     When Plaintiffs scanned their hands in Defendants' biometric time clock, Defendants disclosed their hand geometry scans – or personal identifying information derived from their hand geometry scans – to Defendants' time-keeping vendor.

31.     Before or after requiring the Plaintiffs to use a biometric timeclock, Defendants never provided Plaintiffs any written materials stating that it was collecting, retaining, or disclosing their hand geometry scans or personal identifying information derived from their hand geometry scans.

32.     Before requiring the Plaintiffs to use a biometric timeclock, Defendants never obtained Plaintiffs' written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of their hand geometry scans or personal identifying information derived from Plaintiffs' hand geometry scans.

33.     Defendants violated Plaintiffs' privacy by capturing or collecting their unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without their consent.

5

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs seek to represent a class of Defendants' workers who scanned their hands in Defendants' biometric time clock system in Illinois between June 9, 2015 and the present without first executing a written release ("the Class").

35.     Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their hands in Defendants' biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

36.     The Class includes more than 75 members.

37.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

38.     The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their hands to clock in and out during shifts; whether Defendants collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

39.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

40.     Plaintiffs, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

41.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

6

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

FILED DATE: 6/9/2020 2:17 PM    2020CH04505

42.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

43.     The books and records of Defendants are material to Plaintiffs' case as they disclose how and when Plaintiffs and the Class scanned their hands in Defendants' biometric time clock system and what information Defendants provided Plaintiffs and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

44.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

45.     Plaintiffs retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

46.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

47.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

48.     Plaintiffs' and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

49.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's hand geometry scans.

50.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first informing them in writing that Defendants were doing so.

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

51.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiffs' and the Class's biometric identifiers and/or biometric information.

52.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiffs' and the Class's biometric identifiers and/or biometric information.

53.     Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

FILED DATE: 6/9/2020 2:17 PM   2020CH04505

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

54.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

55.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

56.     Plaintiffs' and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

57.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's hand geometry scans.

58.     Defendants violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiffs' and the Class's hand geometry scans.

59.     Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

60.     As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

9

FILED DATE: 6/9/2020 2:17 PM    2020CH04505

B.    Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))
### (Class Action)

61.    Plaintiffs reallege and incorporate the previous allegations of this Complaint.

62.    Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

63.    Plaintiffs' and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

64.    Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's hand geometry scans.

65.    Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's hand geometry scans and personal identifying information based on their hand geometry scans to Defendants' timekeeping vendor without first obtaining their consent for that disclosure or dissemination.

66.    Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

10

67.     As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiffs and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Dated: June 9, 2020                          Respectfully submitted,

                                             /s/Douglas M. Werman
                                             One of Plaintiffs' Attorneys

Douglas M. Werman- IL Bar No.- 6204740
dwerman@flsalaw.com
Zachary C. Flowerree- IL Bar No.- 6305935
zflowerree@flsalaw.com
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

David Fish
Kimberly Hilton
John Kunze
Mara Baltabols
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com
mara@fishlawfirm.com

*Attorneys for Plaintiffs*

11

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
       Cook County, IL

FILED
6/15/2020 2:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04505

9484384

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons          (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dominique Stinson and Octavia Williams
_____
               (Name all parties)        Case No.    2020CH04505
            v.

LCS Community Employment LLC, et al.
_____

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: **LCS Community Employment LLC, c/o Registered Agent, Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, IL 62704**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please                 to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 42031

Atty Name: Zachary C. Flowerree

Atty. for: Plaintiffs

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL   Zip: 60602

Telephone: (312) 419-1008

Primary Email: zflowerree@flsalaw.com

Witness: 6/15/2020 2:33 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
      Cook County, IL

FILED
6/15/2020 2:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04505

9484384

2120 - Served            2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                       (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dominique Stinson and Octavia Williams
                      (Name all parties)     Case No.    2020CH04505

          v.

LCS Community Employment LLC, et al.

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: **LCS Mokena LLC, c/o Registered Agent, Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, IL 62704**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please                       to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

**Summons - Alias Summons**                              **(08/01/18) CCG 0001 B**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 42031

Witness: 6/15/2020 2:33 PM DOROTHY BROWN

Atty Name: Zachary C. Flowerree

Atty. for: Plaintiffs

DOROTHY BROWN, Clerk of Court

Address: 77 W. Washington Street, Suite 1402

City: Chicago

Date of Service: _____

State: IL    Zip: 60602

(To be inserted by officer on copy left with Defendant or other person):

Telephone: (312)419-1008

Primary Email: zflowerree@flsalaw.com

FILED DATE: 6/15/2020 2:33 PM  2020CH04505

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
       Cook County, IL

FILED
6/15/2020 2:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04505

9484384

FILED DATE: 6/15/2020 2:33 PM  2020CH04505

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons             (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dominique Stinson and Octavia Williams

                             (Name all parties)       Case No.    2020CH04505

               v.

LCS Community Employment LLC, et al.

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: **Algonquin Operations, LLC, c/o Registered Agent, Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, IL 62704**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please                      to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**             **(08/01/18) CCG 0001 B**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 42031

Witness: _____ 6/15/2020 2:33 PM DOROTHY BROWN

Atty Name: Zachary C. Flowerree

Atty. for: Plaintiffs

DOROTHY BROWN, Clerk of Court

Address: 77 W. Washington Street, Suite1402

City: Chicago

Date of Service: _____

State: IL   Zip: 60602

(To be inserted by officer on copy left with Defendant or other person):

Telephone: (312) 419-1008

Primary Email: zflowerree@flsalaw.com

FILED DATE: 6/15/2020 2:33 PM 2020CH04505

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

FILED DATE: 6/15/2020 2:33 PM   2020CH04505

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
　　　　　Cook County, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
6/15/2020 2:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04505

9484311

|  |  |
|---|---|
| DOMINIQUE STINSON and OCTAVIA WILLIAMS, on behalf of themselves and all other persons similarly situated, known and unknown | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LCS COMMUNITY EMPLOYMENT LLC, LCS Mokena LLC d/b/a CLARENDALE OF MOKENA, and ALGONQUIN OPERATIONS, LLC D/B/A CLARENDALE OF ALGONQUIN, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No.　2020CH04505

Judge David B. Atkins

## NOTICE OF MOTION

TO:　　LCS Community Employment LLC
　　　　LCS Mokena LLC d/b/a Clarendale of Mokena
　　　　Algonquin Operations, LLC d/b/a Clarendale of Algonquin
　　　　c/o Reg. Agent, COGENCY GLOBAL, INC.
　　　　600 S. Second St., Ste. 404
　　　　Springfield, IL 62704

**PLEASE TAKE NOTICE** that on October 7, 2020 at 10:30 AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge David B. Atkins or any judge sitting in his stead, in the courtroom usually occupied by him in Room 2102 of the Richard J. Daley Center, Chicago, Illinois, and shall then and there move the Court in accordance with the attached **Plaintiffs' Motion for Class Certification**.

Dated: June 15, 2020　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/Zachary C. Flowerree
　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
WERMAN SALAS P.C. (Firm ID: 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
*Attorneys for Plaintiffs*

Return Date: No return date scheduled
Hearing Date: 10/7/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
    Cook County, IL

FILED
6/15/2020 2:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04505

*FILED DATE: 6/15/2020 2:30 PM 2020CH04505*

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

9484311

| | |
|---|---|
| DOMINIQUE STINSON and OCTAVIA WILLIAMS, on behalf of themselves and all other persons similarly situated, known and unknown )))) | |
| Plaintiffs, )) | Case No.  2020CH04505 |
| v. )) | Judge David B. Atkins |
| LCS COMMUNITY EMPLOYMENT LLC, LCS Mokena LLC d/b/a CLARENDALE OF MOKENA, and ALGONQUIN OPERATIONS, LLC D/B/A CLARENDALE OF ALGONQUIN, )))))) | |
| Defendants. )) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Dominique Stinson and Octavia Williams ("Named Plaintiffs") allege that Defendants violated the Act by collecting, possessing, and transferring Plaintiffs' and the proposed class's biometric hand geometry scan identifiers, or information derived from those identifiers through Defendants' biometric timekeeping system without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 4-7, 14, 29-33, 47-53, 58, 65. Plaintiffs file this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiffs. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply

1

put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification

motion could not render moot any part of plaintiff's pending action") (footnote and citation

omitted).

Named Plaintiffs move to certify the following class:[1]

Defendants' workers who scanned their hands in Defendants' biometric time
clock system in Illinois between June 9, 2015 and the present without first
executing a written release ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801

(numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 75

members. Compl. ¶ 36. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is

satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19,

2004) ("Although there is no bright line test to determine numerosity, the Illinois courts

generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25

people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions

affecting only individual members, including: whether the Class scanned their hands to clock in

and out during shifts; whether Defendants collected the Class's "biometric identifiers" or

"biometric information" under the Biometric Information Privacy Act; and whether Defendants

complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information

Privacy Act.¶ 38. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2).

*See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007)

---

[1]      Named Plaintiffs reserve the right to amend this class definition and supplement this
motion based on information obtained in discovery.

2

FILED DATE: 8/15/2020 2:30 PM   2020CH04505

(common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

Third, Named Plaintiffs will fairly and adequately protect the interests of the Class because their claims are coextensive with those of the Class, they have no interests antagonistic to the Class, and they are not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendants' common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric fingerprint timekeeping system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiffs request that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiffs to file supplemental evidentiary materials and a supporting memorandum of law; and

3

FILED DATE: 6/15/2020 2:30 PM   2020CH04605

C.  Such other relief as this Court deems appropriate under the circumstances.

Dated:  June 15, 2020                                    Respectfully submitted,

                                                        /s/Zachary C. Flowerree
                                                        One of Plaintiffs' Attorneys

Douglas M. Werman
Zachary C. Flowerree
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
zflowerree@flsalaw.com
(312) 419-1008

David Fish
Kimberly Hilton
John Kunze
Mara Baltabols
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com
mara@fishlawfirm.com
(630) 355-7590
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020 I electronically filed the foregoing **Plaintiffs' Motion for Class Certification** with the Clerk of Court using electronic service provider GreenFiling. I hereby certify that I provided a copy of this motion along with a Notice of Motion to the Sheriff of Sangamon County to have served with Plaintiffs' Class Action Complaint and Summons on:

LCS Community Employment LLC
LCS Mokena LLC d/b/a Clarendale of Mokena
Algonquin Operations, LLC d/b/a Clarendale of Algonquin
c/o Reg. Agent, **Cogency Global, Inc.**
600 S. Second St., Ste. 404
Springfield, IL 62704

                                                        /s/Zachary C. Flowerree

4

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE STINSON and OCTAVIA** | ) | |
| **WILLIAMS, individually and on behalf of** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| | ) | **Case No.:** |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LCS COMMUNITY** | ) | |
| **EMPLOYMENT, LLC, LCS MOKENA** | ) | |
| **LLC d/b/a CLARENDALE OF** | ) | |
| **MOKENA, LLC and ALGONQUIN** | ) | |
| **OPERATIONS, LLC d/b/a** | ) | |
| **CLARENDALE OF ALGONQUIN,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF MONICA FRIEDMAN

I, Monica Friedman, state and affirm as follows based on my personal knowledge:

1.      My name is Monica Friedman. I am over the age of 18 years and otherwise competent to give testimony. I have personal knowledge of the matters set forth in this Declaration.

2.      I hold the office of Senior Vice President for LCS Community Employment LLC. I am authorized to submit this Declaration on behalf of LCS Community Employment LLC ("LCE").

3.      As part of my job, I am familiar with and have access to personnel information regarding LCE and its current and former employees, including the type of timekeeping system such employees used.

4.      In my position, I am also familiar with the corporate structure of LCE.

5.      LCE is a limited liability company organized under the laws of the State of Iowa with its principal place of business in the State of Iowa.

6.      From June 9, 2015 through the present, more than 500 current and former LCE employees have used the alleged hand-scanning biometric timekeeping systems at the Clarendale of Mokena and Clarendale of Algonquin communities under conditions Plaintiffs allege violate the Illinois Biometric Information Privacy Act.

THE DECLARANT STATES NOTHING FURTHER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 8/5/2020 | 3:07 PM CDT
_____.

DocuSigned by:

Monica L. Friedman

DBAEF6B0B5FD4D9...

4817-6319-2518, v. 1